THE VELEZ LAW FIRM
Mark P. Velez, Cal. Bar No. 163484
3010 Lava Ridge Court, Suite 180
Roseville, CA 95661
Telephone: 916.774.2720
Facsimile: 916.774.2730
Email: velezlaw@live.com

Attorney for Plaintiffs
VIMLESH SHARMA, JEFFRY SUAREZ,
TRINIDAD CORTEZ, and GARIN MARSHALL

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
   A Limited Liability Partnership
   Including Professional Corporations
PAUL S. COWIE, Cal. Bar No. 250131
BABAK YOUSEFZADEH, Cal. Bar No. 235974
RACHEL J. MOROSKI, Cal. Bar No. 286805
Four Embarcadero Center, 17th Floor
San Francisco, California 94111-4109
Telephone: 415.434.9100
Facsimile: 415.434.3947
Email: pcowie@sheppardmullin.com
        byousefzadeh@sheppardmullin.com
        rmoroski@sheppardmullin.com

Attorneys for Defendant,
SAVE MART SUPERMARKETS

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIMLESH SHARMA, JEFFRY SUAREZ, TRINIDAD CORTEZ, and GARIN MARSHALL,<br><br>       Plaintiffs,<br><br>  v.<br><br>SAVE MART SUPERMARKETS, INC., A California Corporation; DAN PENROSE, individually; JOHN SEALS, individually; JEFF SAWYER, individually and Does 1 through 50,<br><br>       Defendants. | Case No. 2:18-CV-02431-MCE-AC<br><br>**JOINT STIPULATION TO VACATE INITIAL PRETRIAL SCHEDULING ORDER**<br><br>Complaint Filed: June 13, 2018 |

# JOINT STIPULATION

WHEREAS, Plaintiffs Vimlesh Sharma, Jeffry Suarez, Trinidad Cortez, and Garin Marshall (collectively, "Plaintiffs") filed a Complaint in the Superior Court for the County of Placer on June 13, 2018 against Defendant Save Mart Supermarkets ("Defendant" or "Save Mart") (collectively, the "Parties");

WHEREAS, the Complaint alleges seven causes of action against Defendant for (1) Physical Disability Discrimination; (2) Physical Disability Harassment; (3) Retaliation; (4) Failure to Engage in the Interactive Process; (5) Failure to Make Reasonable Accommodations; (6) Failure to Prevent Discrimination, Harassment, and Retaliation; and (7) Wrongful Termination in Violation of Public Policy. The first six causes of action are styled as violations of the California Fair Employment and Housing Act;

WHEREAS, Defendant timely answered the Complaint in Placer County Superior Court on August 31, 2018;

WHEREAS, Defendant timely removed the Complaint to this Court on September 5, 2018 pursuant to 28 U.S.C. §§ 1331, 1441(a), (b) and (c) and 1446(a), (b) and (d). Dkt. No. 1. The removal was based on the existence of a federal question. Plaintiffs, all of whom are or were subject to a collective bargaining agreement ("CBA") with Defendant, assert claims that substantially depend on or are inextricably intertwined with the interpretation of the CBA for their resolution, and are thus preempted under section 301 of the Labor Management Relations Act, 29 U.S.C. § 141 *et seq*. (including section 185) ("LMRA" or "Section 301"). *See* 28 U.S.C. §§ 1331, 1441(a), (b) and (c);

WHEREAS, this Court accepted jurisdiction and issued an Initial Pretrial Scheduling Order ("Scheduling Order") on September 5, 2018. Dkt. No. 2. The Scheduling Order sets forth pretrial deadlines, including a fact discovery cutoff date of September 4, 2019, a deadline of November 4, 2019 to exchange expert witnesses, and a deadline of March 2, 2020 to file dispositive motions;

| | |
|---|---|
| 1 | WHEREAS, on January 30, 2019, five months after Defendant's removal to this Court, Plaintiffs filed a Motion to Remand the case back to Placer County Superior Court pursuant to 28 U.S.C. §§ 1331, 1441, 1446, and 1447(c). Dkt. No. 4. Plaintiffs argued that a federal question does not exist, and therefore, the Court lacks subject matter jurisdiction over this action. Defendant opposed Plaintiffs' Motion to Remand on February 14, 2019, arguing that Defendant properly removed the action to federal court under Section 301. Dkt. No. 8. Plaintiffs filed a reply to Defendant's opposition on February 20, 2019. Dkt. No. 10; |

WHEREAS, on January 30, 2019, five months after Defendant's removal to this Court, Plaintiffs filed a Motion to Remand the case back to Placer County Superior Court pursuant to 28 U.S.C. §§ 1331, 1441, 1446, and 1447(c). Dkt. No. 4. Plaintiffs argued that a federal question does not exist, and therefore, the Court lacks subject matter jurisdiction over this action. Defendant opposed Plaintiffs' Motion to Remand on February 14, 2019, arguing that Defendant properly removed the action to federal court under Section 301. Dkt. No. 8. Plaintiffs filed a reply to Defendant's opposition on February 20, 2019. Dkt. No. 10;

WHEREAS, the Parties expressly agreed to postpone any and all fact witness depositions in the case until the Court issued a decision on Plaintiffs' Motion to Remand, given that the rules governing discovery and depositions are different in state and federal court, and given that the issues covered at deposition may also vary depending on the venue of the case;

WHEREAS, the Court has yet to issue a decision on Plaintiffs' Motion to Remand;

WHEREAS, while awaiting the Court's ruling over the past five months, many of the deadlines in the current Scheduling Order are drawing closer;

WHEREAS, Plaintiffs by entering into this stipulation do not waive their attack on subject matter jurisdiction as lacking in this case;

WHEREAS, in order to avoid prejudice to the Parties, and to position the case for dispositive motions and/or trial, the Parties will require additional time (after this Court's ruling on Plaintiff's Motion for Remand) to complete the necessary discovery, including fact witness depositions, in this four plaintiff case; and

WHEREAS, to defer to the Court's docket and the demands on its time, the Parties now request that the Court vacate the current Scheduling Order and issue a new scheduling order after the Court has issued a decision on Plaintiffs' Motion to Remand (assuming the Court retains jurisdiction of this case).

NOW, THEREFORE, IT IS HEREBY STIPULATED by and between the Parties, through their respective counsel, that:

Case No. 2:18-CV-02431-MCE-AC

JOINT STIPULATION TO VACATE INITIAL PRETRIAL SCHEDULING ORDER

(1) The Court vacate the Scheduling Order pending the Court's decision on Plaintiffs' Motion to Remand;

(2) The Court will issue a new scheduling order after the Court has issued a decision on Plaintiffs' Motion to Remand (assuming the Court retains jurisdiction of this case); and

(3) By entering into this Stipulation, Plaintiffs do not concede that this Court has subject matter jurisdiction over this case.

**IT IS SO STIPULATED.**

Dated: August 6, 2019  THE VELEZ LAW FIRM, PC

By: */s/ Mark P. Velez (as authorized on August 1, 2019)*
MARK P. VELEZ

Attorney for Plaintiffs,
VIMLESH SHARMA, JEFFRY SUAREZ, TRINIDAD CORTEZ, AND GARIN MARSHALL

Dated: August 6, 2019  SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By: */s/ Babak Yousefzadeh*
PAUL S. COWIE
BABAK YOUSEFZADEH
RACHEL J. MOROSKI

Attorneys for Defendant,
SAVE MART SUPERMARKETS

IT IS SO ORDERED.

Dated: August 6, 2019

MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE